IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICKY LAMAR HOGAN,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| **RIVERBEND CORRECTIONAL** | : | NO. 5:15-CV-401 (MTT) |
| **FACILITY,** | : | |
| | : | |
| Defendant | : | |
| _____ | : | **O R D E R** |

Plaintiff Ricky Lamar Hogan, an inmate at Riverbend Correctional Facility, has submitted to this Court a letter with the subject heading, "Re: Request for Injunctive Relief Hearing." (ECF No. 1). Although Plaintiff has not filed a complaint, in the above pleading he complains, in very vague terms, that he is faced with "threats of existing imminent danger of physical death," requiring "immediate judicial action."[1] (*Id.* at 2). The Clerk's Office opened a civil action on behalf of Plaintiff.

---

[1] Plaintiff claims that he possesses "physical evidence" of "domestic terrorism and other crimes," seeks a "close[d] door hearing" or to meet with the United States Attorney's Office, and asks the Court to save his life and to ease some of the "physical, mental, and psychological torture" Plaintiff is forced to suffer. (*Id.* at 2-4). The Court notes that in 2012, Plaintiff filed a complaint in which he alleged that defendants in that case "were removing his vital organs to make room for [] electronic devices to be implanted in his body." *See Hogan v. Grady Health System, Inc.,* 5:12-CV-391 (CAR) (M.D. Ga. Oct. 12, 2012) (Order at 2, ECF No. 4).

Parties instituting non-habeas civil actions are required to pay $400.00 (the $350.00 statutory filing fee plus a $50.00 administrative filing fee). *See* 28 U.S.C. § 1914(a) and Judicial Conference Fee Schedule. Because Plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed 47 lawsuits in the federal District Courts in Georgia, at least four of which have been dismissed under circumstances that constitute "strikes" for purposes of

section 1915(g).[2]  As Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).  Plaintiff makes no specific allegations as to his being in imminent danger.  His merely stating that he is in "imminent danger" is insufficient to satisfy the exception.  The Court thus finds that Plaintiff has not alleged an imminent danger of serious physical injury and has thereby failed to show that he is entitled to proceed *in forma pauperis*.

Based on the foregoing, Plaintiff's presumed request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.  If he wishes, Plaintiff may file a new, more detailed complaint on this Court's standard section 1983 form, in which he alleges specific facts to satisfy the "imminent danger" exception to the three strikes rule. Alternatively, Plaintiff may pay the entire $400.00 filing fee at the time of filing the new complaint.[3]  The Clerk's Office is directed to send Plaintiff a copy of this Court's section 1983 form.

---

[2] *See Hogan v. Georgia State Prison, et al.*, 6:99-CV-65 (S.D. Ga. June 30, 1999); *Hogan v. Georgia State Prison, et al.,* 6:01-CV-72 (S.D. Ga. Oct. 22, 2001); *Hogan v. Georgia Dep't of Corr., et al.,* 1:02-CV-1296-CAM (N.D. Ga. Jan. 9, 2003); *Hogan v. Georgia Dep't of Corr.*, 1:04-CV-1355-CAM (N.D. Ga. June 30, 2004).

[3] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A] prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he *initiates* the suit.").

**SO ORDERED**, this 9th day of NOVEMBER, 2015.

              S/ Marc T. Treadwell
              MARC T. TREADWELL, JUDGE
              UNITED STATES DISTRICT COURT